**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRANK ALARIO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

                      Plaintiff,

-against-

SI MARKET FRESH CORP. d/b/a Mignosi's Supermarket, SAM KAKAR and RUBY KAKAR,

                      Defendants.
-----------------------------------------------------------X

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Frank Alario ("Plaintiff" or "Alario"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants SI Market Fresh Corp. d/b/a Mignosi's Supermarket ("Mignosi's"), Sam Kakar ("Sam") and Ruby Kakar ("Ruby") (collectively "Defendants") and states, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he and others similarly situated, are entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff was employed by the Defendants as a non-exempt cashier. Defendants paid Plaintiff at an hourly rate, but failed to pay Plaintiff overtime for hours worked in excess

1

of forty each week.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff Frank Alario ("Alario" or "Plaintiff") was and is a resident of Richmond County, New York.

8. Defendant SI Market Fresh Corp. d/b/a Mignosi's Supermarket ("Mignosi's") was and is a domestic business corporation organized under the laws of the State of New York.

9. Mignosi's was and is authorized to conduct business in the State of New York.

10. Mignosi's has a principal place of business and address for service of process located at 1006 Rossville Ave, Staten Island NY 10309.

11. Mignosi's was and is a supermarket.

12. At all times relevant to this action, Mignosi's has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

13. Defendant Sam Kakar ("Sam"), upon information and belief, was and is a resident of the State of New York.

14. At all times relevant to this action, Sam was and is an Owner of Mignosi's.

15. At all times relevant to this action, Sam was and is a Manager of Mignosi's.

16. Sam exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class Members. Sam had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Sam directly regarding any of the terms of their employment, and Sam would have the authority to effect any changes to the quality and terms of employees' employment. Sam exercised functional control over the business and financial operations of Mignosi's.

17. Defendant Ruby Kakar ("Ruby"), upon information and belief, was and is a resident of the State of New York.

18. At all times relevant to this action, Ruby was and is an Owner of Mignosi's.

19. At all times relevant to this action, Ruby was and is a Manager of Mignosi's.

20. Ruby exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class Members. Ruby had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Ruby directly regarding any of the terms of their employment, and Ruby would have the authority to effect any changes to the quality and terms of employees' employment. Ruby exercised functional control over the business and financial operations of Mignosi's.

21. The acts of Mignosi's charged in this Complaint were authorized, directed or accomplished by Sam and/or Ruby individually or jointly, by themselves or their agents, officers, employees or representatives, while actively engaged in the management of Mignosi's business.

22. At all relevant times, Mignosi's was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the Regulations thereunder.

23. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cashiers, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

25. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

26. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to

this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

27. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cashiers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

28. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

29. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of thirty (30) Class Members.

30. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class

action. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

   (b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not

      pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(f) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(g) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, as required by the New York Labor Law.

## STATEMENT OF FACTS

35. On or about September 29, 2015, Alario commenced employment with the Defendants.

36. Alario was employed by the Defendants as a non-exempt employee.

37. Alario was employed by the Defendants as a cashier.

38. Alario worked at Mignosi's located at 1006 Rossville Avenue, Staten Island NY 10309.

39. Upon his hire, Defendants' did not provide Alario with a wage notice.

40. On an annual basis, Defendants' did not provide Alario with a wage notice.

41. Upon his hire in 2015, Alario was paid $8.50 per hour.

42. Alario's pay increased during his employment – to $9.00 per hour in approximately 2016, to $11.00 per hour in approximately 2017 and to $13.00 per hour in approximately 2018.

43. During Alario's employment with the Defendants, Alario would often work over forty (40) hours per week.

44. Despite working in excess of forty hours per week, Alario was not paid at the required time and a half overtime rate.

45. Although Plaintiff, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

46. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members.

47. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

48. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of their employment and annually thereafter, in violation of the NYLL.

49. Alario's employment with the Defendants ended on or about March 12, 2018.

50. Plaintiff retained Akin Law Group PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

**FIRST CAUSE OF ACTION**
**FLSA – UNPAID OVERTIME**

51. Plaintiff, on behalf of himself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

9

and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Defendants' failure to pay overtime cause Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NYLL – UNPAID OVERTIME

55. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. Defendants willfully violated Plaintiff and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

57. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## NYLL – FAILURE TO PROVIDE WAGE STATEMENT

58. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

60. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b)

11

to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA & NYLL;

h. One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of the NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

i. An award of costs and expenses of this action together with reasonable attorneys' and

    expert fees;

j. An award of prejudgment and post-judgment interest; and

k. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: May 21, 2018
      New York, New York

                              Respectfully submitted,

                              **Akin Law Group PLLC**

                              */s/ Robert D. Salaman*
                              _____

                              Robert D. Salaman
                              45 Broadway, Suite 1420
                              New York, NY 10006
                              (212) 825-1400
                              rob@akinlaws.com

                              *Counsel for Plaintiff, FLSA Collective*
                              *Plaintiffs and the Class*