# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400  Fax. (212) 825-1440

ZAFER A. AKIN                                                                                                           GULSAH SENOL
LEPOLD RAIC                                                                                                             SIMI BHUTANI
ROBERT D. SALAMAN
-----------------------------------                                                                                     ----------------------------------------

**Via ECF**

December 12, 2018

Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:   *Frank Alario v. SI Market Fresh Corp., et al.*
                Case No. 18-cv2988 (SMG)

Dear Judge Gold:

      We represent the Plaintiff Frank Alario ("Plaintiff") in the above-referenced matter. We write on behalf of all Parties to inform the Court that a settlement has been reached following extensive conversations over several months. We respectfully now seek Your Honor's approval of the attached Proposed Settlement Agreement (Ex. A).

      The Parties have concluded that the Proposed Settlement Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

      **I.**      **The Proposed Settlement Agreement Is Fair and Reasonable**

      In order for the parties Proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. ELXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.,* No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400    Fax. (212) 825-1440

fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

  In this action, Plaintiff, a former employee at Defendants' supermarket, alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay overtime during his employment.

  Plaintiff was employed by Defendants' primarily as a cashier from September 2015 to March 2018. Plaintiff was paid by check $8.50 per hour in 2015, $9.00 per hour in 2016, $11.00 per hour in 2017 and $13.00 per hour in 2018. Plaintiff alleges that he worked from 3-11pm 5 or 6 days per week, and was not paid overtime for the weeks in which he worked more than forty hours. Plaintiff concedes that was paid by the hour for the hours worked in excess of 40, but is owed the difference in overtime pay.

  Defendants dispute that Plaintiff ever worked overtime during his employment. Defendants' provided time and billing records, along with affidavits from co-workers which reflect that Plaintiff never worked more than forty hours during his employment, and therefore is not entitled to any overtime pay whatsoever.

  Given the expense of litigation and potential risks, the Proposed Agreement awarding Plaintiff a total sum of $6,000.00 is fair and reasonable. The Settlement Agreement will also spare the parties the expense of conducting further discovery and a trial. Further, the Settlement Agreement provides Plaintiff with an immediate recovery, as opposed to a delayed recovery, a paper judgment or none at all. Third, the Settlement Agreement allows the parties to avoid the litigation risks set forth above. Fourth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel. The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of several months. Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

**II. The Attorney's Fees Are Fair and Reasonable**

  Under the settlement, Plaintiffs' counsel, Akin Law Group PLLC, receives $2,000.00 for its attorney's fees and costs. One attorney at Akin Law Group PLLC worked on Plaintiff's file.

  Robert D. Salaman is an attorney in good standing with the New York State and New Jersey State Bars (admitted in 2013), the District Court of New Jersey and the Southern and Eastern District Courts of New York (admitted in 2013). Mr. Salaman became a full time associate attorney at Akin Law Group upon admission to the New York and New Jersey State Bars in 2013. He has worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on both the plaintiff and management side. Mr. Salaman's accolades were recognized by Super Lawyers / New York Metro, which named him a Rising Star 2015, 2016, 2017 and 2018. His reduced rate is $300.00 per hour.

**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400   Fax. (212) 825-1440

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonable of the fee award." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees. Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.
> *Id*. (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations and the litigation risks, the Court can reasonably infer that Plaintiff's recovery has not been adversely affected by counsel's interest in its own compensation. In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive his reasonable attorney's fees and be reimbursed for costs incurred.

The attorney's fees amount of $2,000.00 is reasonable under the lodestar approach which courts typically apply in FLSA cases. *See e.g. Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28. Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiffs' 'partial or limited success'" applies in cases like this one where the fee amount has already been settled. *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard"), no such reduction is warranted here. Indeed, the agreed amount of $2,000.00 is already substantially lower than the $15,000.00 indicated on Plaintiff's counsel's billing records to date. Plaintiff's counsel will provide the Court with billing records under separate cover, should it be required.

This Court has held that a standard one-third settlement for attorney's fees is "consistent with the trend in this Circuit." *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. 2015); *Nojera v. Royal Bedding Co., LLC*, 2015 WL 3540719 at *3 (E.D.N.Y. 2015) (noting that one-third contingency fees "are commonly accepted in the Second Circuit in FLSA cases"). **In this case, the attorney's fees and costs Plaintiff's counsel is recovering are 33% of Plaintiff's recovery.**

Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent negotiations. Accordingly, the time spent by Plaintiff's counsel on this case was reasonable.

Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice. We thank Your Honor for your time and attention to this matter.

**AKIN LAW GROUP PLLC**
**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

Very truly yours,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman

cc:   Allyn J. Crawford
      *Attorneys for Defendants*
      (via ECF)